Dear Representative Egan:
This opinion is issued in response to your request which reads as follows:
 1. Does House Bill No. 835, enacted by the 81st General Assembly, allow deputy circuit clerks in the City of St. Louis all creditable prior service for all service rendered to the City of St. Louis, or does it provide creditable prior service only for service rendered as deputy circuit clerks?
 2. Is the allowance for creditable prior service provided for in House Bill 835 contingent upon the City of St. Louis Retirement System consenting to the transfer of funds?
House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 of the 81st General Assembly became effective on May 12, 1981, except with respect to certain provisions which are not relevant here. It repealed certain statutory provisions relating to retirement systems of state officers and employees and enacted in lieu thereof 52 new sections relating to the same subject.
It is assumed that the deputy circuit clerks referred to in your opinion request meet the definition of "deputy circuit clerks" as defined in subsection (34) of § 104.310 of the foregoing legislation. In addition, this opinion is applicable only to those individuals who were deputy circuit clerks on June 30, 1981, and who were members of the St. Louis City Employees' Retirement System prior to becoming a state employee on July 1, 1981. With these principles in mind, we consider the first question that you have presented.
Subsection 3(1) of § 104.345 of House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 provides as follows:
 3.(1) Notwithstanding any other provision of law to the contrary, any person who is a deputy circuit clerk or division clerk on June 30, 1981, and who becomes a state employee the next day is a member and entitled to creditable prior service for service rendered to the city of St. Louis or to a county, as the case may be, if:
 (a) The person was on June 30, 1981, a member of the St. Louis city employees' retirement system, a member of the Missouri local government employees' retirement system under the provisions of sections 70.600 to 70.755, RSMo, or of a county retirement system authorized by law;
 (b) The person makes application to the Missouri state employees' retirement system for creditable prior service within 90 days of becoming a state employee;
 (c) The person upon becoming a state employee does not withdraw from the city, county or local government retirement system any monies to which he would be entitled by reason of ceasing to be an employee of a county or the city of St. Louis; and
 (d) The person when requested to do so by the Missouri state employees' retirement system executes any documents that may be reasonably required to transfer and irrevocably assign to the Missouri state employees' retirement system all of that person's rights and entitlements to a refund from such city, county or local government retirement system upon ceasing to be a city or county employee.
The phrase "creditable prior service" is defined in subsection (12) of § 104.310 of House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 which reads as follows:
 (12) `Creditable prior service', the service of an employee which was either rendered prior to September 1, 1957 or prior to the date the employee became a member of this system, and which is creditable and recognized in determining the amount of the member's benefits under this system;
Where statutes are plain and unambiguous, there is no room for construction and they must be applied by courts as they are written by the legislature. United Airlines, Inc. v. State Tax Commission,377 S.W.2d 444 (Mo. 1964). In response to your first question, it is our view that the language of the statute clearly and unambiguously provides that any person who is a deputy circuit clerk in the City of St. Louis on June 30, 1981, and who becomes a state employee the next day is a member of the Missouri State Employees' Retirement System and entitled to receive creditable prior service for all service rendered to the City of St. Louis if the individual complies with the requirements of paragraphs (a), (b), (c) and (d) of subsection 3(1) of § 104.345 of House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 of the 81st General Assembly.
In regard to your second question, subsection 3(4)(a) of § 104.345
of House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 provides as follows:
 (4)(a) In lieu of the city of St. Louis or a county continuing to be obligated to pay the salary of any such deputy circuit clerk or division clerk who makes application for creditable prior service, the city of St. Louis or the particular county shall
contribute to the Missouri state employees' retirement system an amount actuarially determined to be sufficient to fund the creditable prior service of those deputy circuit clerks and division clerks who become state employees on July 1, 1981, and who elect to receive creditable prior service in the manner provided in subdivision (1)(b) of this subsection 3. (emphasis ours)
Section 104.345.3(4)(d) provides that the contribution to be made by the city shall be reduced by the amount which is actually paid over to the Missouri State Employees' Retirement System by certain transfers or assignments, and § 104.345.3(4)(e) prescribes the methods whereby such contributions "shall be paid" by the city. Finally § 104.345.3(4)(f)(ii) provides for certain penalties if the city fails to make any payment due the Missouri State Employees' Retirement System.
Therefore, in response to your second question, it is our view that the recognition of creditable prior service is not contingent upon the City of St. Louis Retirement System consenting to the transfer of funds.
CONCLUSION
It is the opinion of this office that:
1. A person who was a deputy circuit clerk in the City of St. Louis on June 30, 1981 and who became a state employee the next day is a member of the Missouri State Employees' Retirement System and entitled to creditable prior service for all service rendered to the City of St. Louis if the individual complies with the provisions of subparagraphs (a), (b), (c) and (d) of § 104.345.3(1) of House Committee Substitute for House Bills Nos. 835, 53, 591 and 830 of the 81st General Assembly.
2. The allowance for creditable prior service provided for in House Bills Nos. 835, 53, 591 and 830 of the 81st General Assembly, for deputy circuit clerks of the City of St. Louis is not contingent upon the City of St. Louis Retirement System consenting to the transfer of funds.
The foregoing opinion, which I hereby approve, was prepared by my assistant, B. J. Jones.
Very truly yours,
 JOHN ASHCROFT Attorney General